Arons & Arons, LLC.
76 South Orange, Ave. Suite 100
South Orange, NJ 07079
Attorneys for the Plaintiff
Jeffrey S. Arons, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANTEL WADE,<br><br>    Plaintiff,<br><br>Vs<br><br>CITY OF NEWARK, DETECTIVE RICHARD WEBER, ID NO. 9088, DETECTIVE GIALANELLA, ID NO. 7970, DETECTIVE TURZANI, ID NO. 7278, DETECTIVE SANCHEZ, ID NO. 8014, DETECTIVE PATELA, ID NO. 7998; Individually and in their Official Capacity and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious as the true names are presently unknown),<br><br>    Defendant(s) | Case No.: 2:09-cv-544<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SHANTELWADE, by her attorneys, ARONS & ARONS LLC, complaining of defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New Jersey and the United States.

Page 1

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343

## VENUE

4. Venue is properly laid in the District Court of New Jersey under U.S.C. §1391(b), in that this is the District in which the claim arose

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b)

## PARTIES

6. Plaintiff SHANTEL WADE is an African American Female, a citizen of the United States, and all relevant times a resident of Hillside, New Jersey.

7. Defendant CITY OF NEWARK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey

8. Defendant CITY OF NEWARK maintains the Newark Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New Jersey State Law, action under the direction and supervision of the aforementioned municipal corporation, City of Newark.

9. That at all times hereinafter mentioned, the individually named defendants DETECTIVE WEBER, DETECTIVE GIALANELLA, DETECTIVE TURZANI, DETECTIVE SANCHEZ, DETECTIVE PATELA, and P.O's "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New Jersey, or City of Newark.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEWARK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEWARK.

## FACTUAL ALLEGATIONS

13. On or about May 6, 2007, at approximately 5:00 p.m., plaintiff was lawfully present at the premises known as 285 Hobson St. 1st Floor, in the City of Newark, County of Essex, State of New Jersey and was visiting Mr. Byron Burgess who resided at said location.

14. At the aforesaid time and place, defendant police officers rang the door bell at Mr. Burgess' home and appeared in plain clothes.

15. When Mr. Burgess answered the door the defendant police officers stated that there was a domestic violence complaint and then aggressively forced themselves into the premises.

16. Mr. Burgess pointed at SHANTEL WADE and stated, "look she is right there on the couch" noting that the plaintiff was on the couch and was not the victim of an act of domestic violence.

17. The officers demanded that Mr. Burgess produce identification and he told them that his wallet was in his bedroom.

18. The police then followed Mr. Burgess throughout his house and SHANTEL WADE continued to inquire as to why the cops were searching through the house.

19. An officer told Ms. Wade to "Shut Up" and said that they were cops and continued to follow Mr. Burgess throughout the house.

20. The existence of a domestic violence complaint or allegation was never produced or corroborated by the defendants.

21. The plaintiff had never alleged an act of domestic violence or claimed to have been a victim of an act of domestic violence.

22. Upon information and belief, the police officers did not enter pursuant to a valid search warrant.

23. Upon information and belief the police officers did not provide a copy of said warrant to plaintiffs upon repeated requests.

24. At the aforesaid time and place, plaintiff had not committed any crime or violation of the law and was not involved in any criminal activity.

25. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

26. Mr. Burgess retrieved his identification and officers reviewed Mr. Burgess' identification in his kitchen while other officers searched his bedroom.

27. The search of Mr. Burgess' bedroom revealed certain contraband.

28. Without any evidence implicating the Plaintiff's involvement in any criminal activity Ms. Wade was handcuffed and forced to remain on the couch of Mr. Burgess' house while the remainder of the entire house was searched.

29. Without consent, a warrant or any exigent circumstances, the defendant officers then picked up a set of keys belonging to the plaintiff and stated that they were going to search her vehicle. Ms. Wade stated her objection to the defendant officers proposed search of her vehicle.

30. While handcuffed, the plaintiff was harassed by the defendant police officers and was not advised of her Miranda rights and constantly told to "shut up".

31. At the aforesaid time, SHANTEL WADE was wearing only a nightgown and there were only male police officers inside the premises.

32. At the aforesaid time, the plaintiff was approximately 6 months pregnant.

33. While handcuffed the plaintiff was moved by the officers to her bedroom upstairs and was directed to change her clothes.

34. SHANTEL WADE was told to pick out clothes and then was directed to change in the bathroom. Despite her requests, the officers would not allow Ms. Wade to completely close the door and the defendants watched her as she changed clothes subjecting the plaintiff to humiliation and embarrassment.

35. Shortly thereafter, the defendant officers physically moved Ms. Wade and transported her to the Newark Police Station at 1 Lincoln St. for processing.

36. Notwithstanding the lack of any evidence or contraband found on the plaintiff, SHANTEL WADE, was arrested and charged with the same offenses as Mr. Burgess being; possession of weapon, possession of a weapon while engaged in narcotics offenses, possession of hallow point rounds, possession of high capacity magazine, possession of C.D.S. cocaine, possession with intent to distribute, possession with intent to distribute within 1000 feet of a public school, possession within 500 feet of a public park, conspiracy to violate the narcotics laws of the State of New Jersey, possession of radio operated devices while engaged in narcotics offenses, an receiving stolen property.

37. Ms. Wade was then transported to a cell at 31 Green St., Newark, New Jersey.

38. The plaintiff did not possess or control any contraband, weapons or controlled dangerous substances and no evidence or contraband was uncovered upon the search of the plaintiff's person or property following her arrest and processing.

39. In connection with plaintiff's arrests, defendants filed out false and misleading police reports and forwarded said reports to prosecutors in the Essex County Prosecutor's Office.

40. As a result of her unlawful arrest Ms. Wade was placed in custody and did not appear before a Judge until Wednesday, May 9, 2007, approximately (3) days following her arrest and continued to remain in custody thereafter.

41. Ms. Wade was transported to Essex County Correction Facility and remained there until she was released on bail Friday morning, May 11, 2007 at approximately 2 a.m., thus spending approximately (5) days in custody.

42. Ms. Wade and her family were forced to incur an expense of $5,000.00 to have a bail bondsman post bail for her release.

43. During her (5) days in custody Ms. Wade was not adequately cared for and was not provided the proper nourishment that a pregnant woman requires to maintain her health and the health of her unborn child.

44. Immediately following her release, Ms. Wade visited her OBGYN and was directed to visit a hospital because of abnormal weight gain, and was subsequently admitted to a hospital for an overnight stay to treat her condition.

45. Ms. Wade then had to retain counsel for her defense and incurred an expense of approximately $5,000.00 in legal fees.

46. Thereafter, Ms. Wade spent approximately (8) months making numerous appearances in connection with the aforementioned charges.

47. On February 1, 2008, upon motion of assistant prosecutor Tara Creegan, the charges were dismissed in their entirety. **(assistant prosecutors motion to dismiss is attached and annexed hereto as Exhibit "A")**

48. Shortly thereafter, Ms. Wade lost her job working as a secretary for AJD construction because of the many prior court appearances that forced her to miss work or arrive late.

49. As a result of the unprovoked unwarranted intrusion, plaintiff SHANTEL WADE, sustained, *inter alia*, heart palpitations, mental anguish, shock, right apprehension, depression, embarrassment, humiliation, shame and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

51. All of the aforementioned acts of the defendants, their agents, servants and employees, were carried out under the color of state law.

52. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Newark and the Newark Police Department, all under the supervision of ranking officers of said department.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROCESCUTION UNDER 42 U.S.C. §1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants misrepresented and falsified evidence before the Essex County Prosecutor's office.

61. Defendants did not make a complete and full statement of facts to the Essex County Prosecutor's office.

62. Defendants withheld exculpatory evidence from the Essex County Prosecutor's office.

63. Defendants were directly and actively involved in the initiation of criminal proceedings against SHANTEL WADE.

64. Defendants lacked probable cause to initiate criminal proceedings against SHANTEL WADE.

65. Defendants acted with malice in initiating criminal proceedings against SHANTEL WADE.

66. Defendants were directly and actively involved in the continuation of criminal proceedings against SHANTEL WADE.

67. Defendants lacked probable cause to continue criminal proceedings against SHANTEL WADE.

68. Defendants acted with malice in continuing criminal proceedings against SHANTEL WADE.

69. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

70. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in SHANTEL WADE's favor on or about February 1, 2008 when all charges against her dismissed.

71. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. §1983

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants issued legal process to place plaintiff SHANTEL WADE under arrest.

74. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

75. Defendants acted with intent to do harm to plaintiff, SHANTEL WADE, without excuse or justification.

76. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTION RIGHT TO FAIR TRAIL UNDER 42 U.S.C. §1983

77. Plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" as if the same were more fully set forth at length herein.

78. Defendants created false evidence against plaintiff SHANTEL WADE.

79. Defendants forwarded false evidence and false information to prosecutors in the Essex County Prosecutor's Office.

80. Defendants misled the prosecutors by creating false evidence against plaintiff SHANTEL WADE and thereafter providing false testimony throughout the criminal proceedings.

81. In creating false evidence against plaintiff SHANTEL WADE, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn

statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

82. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and she was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

83. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

85. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical and emotional injuries.

## SEVENTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. §1983

86. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly entered without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

88. As a result of the aforesaid conduct by the defendants, the home plaintiff was located at was entered illegally at time not prescribed in the warrant, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

89. As a result of the aforesaid conduct by the defendants, plaintiffs' were not provided a copy of said warrant upon their request, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

90. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

### EIGHTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

93. The aforementioned customs, policies, usages, practices, procedures and rules of the City of Newark and the Newark Police Department included, but were not limited to, a) obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants, b) entering the premises at a time not authorized in the warrant, c) arresting any and all individuals in said premises regardless of probable cause, d) refusing to present the search warrant to individuals upon request, and e) utilizing excessive force in executing such warrants.

94. The foregoing customs, policies, usages, practices, procedures and rules of the City of Newark and the Newark City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

95. The foregoing customs, policies, usages, practices, procedures and rules of the City of Newark and the Newark Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

96. The foregoing customs, policies, usages, practices, procedures and rules of the City of Newark and the Newark Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

97. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Newark and the Newark Police Department, plaintiffs were unlawfully arrested and detained, and subjected to excessive Force.

98. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

99. The acts complained of deprived plaintiff of the rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from malicious abuse of process;

   D. Not to have excessive force imposed upon them;

   E. To be free from unlawful search;

   F. Not to have summary punishment imposed upon them; and

   G. To receive equal protection under the law.

100. As a result of the foregoing, plaintiffs are entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

WHEREFORE, SHANTEL WADE, individually, demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars

($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: February 9, 2009

BY: _____
JEFFREY S. ARONS, ESQ.
Arons & Arons, LLC.
76 South Orange, Ave. Suite 100
South Orange, NJ 07079
Attorneys for the Plaintiff